IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIK SHABAZZ, R53189, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 24-cv-99-RJD |
| vs. | ) ) |
| LT. McCARTHY, | ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Malik Shabazz, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Lawrence Correctional Center (Lawrence), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 2). The present case was severed from an existing lawsuit, *Shabazz v. Issacs, et al.*, Case No. 23-cv-3005-SMY (S.D. Ill. Jan. 12, 2024) (Docket entry 17). At the time of severance, Plaintiff was prompted to notify the Court if he wished to proceed in this separate action, and he was warned that he would incur another $405 filing fee and the newly severed complaint would be subject to initial review. Plaintiff confirmed in his recent response that he would like to pursue this case. (Doc. 6).

Plaintiff's Complaint (Doc. 2) is now before the Court[1] for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for

---

[1] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the Illinois Department of Corrections and Wexford and this Court.

money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

The above-captioned case is limited to Plaintiff's allegations against Defendant Lt. McCarthy, which make up just a single paragraph of the overall pleading. (Doc. 2 at ¶ 5, pages 13-14). Plaintiff alleges that on December 6, 2021, while housed in the segregation unit, he was denied a shower for almost an entire week because the shower was not wheelchair accessible. (*Id.*). As the zone supervisor, Plaintiff alleges that Defendant McCarthy knew of his issue but refused to do anything about it. As a result of McCarthy's inaction, Plaintiff was forced to remain soiled, and he was unable to properly clean himself. He contends that this was a violation of the Eighth Amendment's prohibition on cruel and unusual punishment, and it also violated his rights under the American's with Disabilities Act ("ADA", 42 U.S.C. § 12101, *et seq.*). (*Id.*).

By way of background, the Court notes that in the complaint, Plaintiff indicated that he experienced frequent episodes of incontinence, which required extra showers. He also alleged that prison officials refused to accommodate his need for showers under the ADA. In his original case, Plaintiff was allowed to proceed on an ADA claim against prison officials related to their refusal of a shower permit for his incontinence in 2021. *Shabazz v. Issacs, et al.*, Case No. 23-3005-SMY (S.D. Ill. Jan. 24, 2024) (docket entry 18).

Based on the allegations in the Complaint, the Court will designate the following claim:

> **Claim 1:** **Eighth Amendment cruel and unusual punishment claim against Defendant McCarthy for denying Plaintiff an accessible shower for the week of December 6, 2021, after Plaintiff soiled himself;**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court.  Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## ANALYSIS

The Eighth Amendment prohibition on cruel and unusual punishment forbids the unnecessary and wanton infliction of pain. *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). Generally, an inmate must show an objectively serious condition, and a defendant's subjective disregard for a risk to the inmate's health or safety.  Although the Court acknowledges that short-term conditions or needs are usually not sufficient to make out a cruel and unusual punishment claim, here the combined impact of Plaintiff's incontinence and his lack of access to a shower may be sufficient to state a claim.  *See e.g., Harris v. Jones*, 2021 WL 4950248 at *2 (7th Cir. 2021) (finding that inmate who urinated on himself and had to wait one day for soap and three days for a clean jumpsuit did not make out a claim under the Eighth Amendment); *Kervin v. Barnes*, 144 Fed. App'x 551, 552 (7th Cir. 2005) (making an inmate wait eight hours to wash off pepper spray may state an Eighth Amendment claim, but waiting 10-20 minutes is not sufficient); *but see Myrick v. Anglin*, 496 Fed. App'x 670, 675 (7th Cir. 2012) (limiting inmates to weekly showers does not violate the Eighth Amendment, especially where the limit does not exacerbate a situation and if the inmate could do limited cleaning without a shower).  At this preliminary juncture, the Court will allow Plaintiff to proceed against Defendant McCarthy because he alleges that McCarthy

knew he had soiled himself and needed an accessible shower but refused to provide one for at least a week.  As a result, he was forced to sit in soiled clothes.

In the response that Plaintiff filed indicating his desire to maintain this severed case, he asks the Court to add the Illinois Department of Corrections as a defendant for his ADA claim. (Doc. 6).  Plaintiff is right that the IDOC is the proper defendant for an ADA claim, however, he will not be allowed to pursue an ADA claim related to this standalone one-week shower incident, because he has already been allowed to proceed on a broader ADA claim about shower access in his original case.  Any ADA claim in this case would be duplicative, so Plaintiff's request will be denied and IDOC will not be added as a party to this case.

## DISPOSITION

**IT IS HEREBY ORDERED THAT Claim 1** of the Complaint (Doc. 2) survives initial screening as described above against Lt. McCarthy.

The Clerk of Court is **DIRECTED** to prepare for Lt. McCarthy: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 2), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as

directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

As the Court previously explained, because Plaintiff has opted to proceed with this case, he is obligated to pay the $405 filing fee or to apply to proceed *in forma pauperis*. Plaintiff **must pay the filing fee or apply to proceed IFP within 30 days of this Order**. The Clerk of Court is **DIRECTED** to send Plaintiff an IFP application for this purpose.

IT IS SO ORDERED.

Dated: March 18, 2024

/s/ *Reona J. Daly*
**Reona J. Daly**
**United States Magistrate Judge**

**<u>Notice to Plaintiff</u>**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.