IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MALIK SHABAZZ, R53189, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 24-cv-99-RJD |
| LEIF MCCARTHY, | ) ) ) | |
| Defendant. | ) ) ) ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections ("IDOC") at Joliet Treatment Center, filed this lawsuit pro se and in forma pauperis.   This case was one of five cases severed from an existing lawsuit, Shabazz v. Isaacs, et al., Case No. 23-cv-3005-SMY.   *Id*. In the original case, Plaintiff alleged that 21 individuals violated his rights under the Americans with Disabilities Act ("ADA") and U.S. Constitution at Big Muddy River Correctional Center and Lawrence Correctional Center ("Lawrence").   *Id*.   The Court conducted a threshold review pursuant to 28 U.S.C. §1915A and found that, in this case, Plaintiff had adequately alleged one Eighth Amendment claim against Defendant Leif McCarthy.   Plaintiff alleged that Defendant McCarthy denied Plaintiff an accessible shower for one week in December 2021, in violation of the Eighth Amendment.

This matter comes before the Court on multiple motions filed by Plaintiff.   First, Plaintiff requests that the Court recruit an attorney to represent him in this matter.   There is no statutory or

Page **1** of **4**

constitutional right to counsel in a civil case.   However, this Court may recruit an attorney to represent a litigant who cannot afford counsel.   28 U.S.C. §1915(e). When presented with a request to appoint counsel, the Court makes the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself.   *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).   Here, Plaintiff has not shown any efforts to find his own attorney in this case.   The Court acknowledges that in other cases pending before the undersigned, Plaintiff has provided documentation that reflects he has attempted to recruit attorneys.   *See, e.g.*, Shabazz v. Luking, et al., Case No. 24-cv-101-RJD, Doc. 56 (Nov. 5, 2025).

Even if Plaintiff had established reasonable efforts to obtain counsel, the Court nonetheless is satisfied that Plaintiff can competently litigate this case on his own behalf.   The issue of whether Defendant denied Plaintiff an accessible shower is neither factually nor legally complicated. Plaintiffs explains to the Court that his serious medical and mental conditions prohibit him from representing himself, but his pleadings are thorough, organized, and easy to understand.   *See, e.g.*, Doc. 49.   He appropriately cites case law.   Doc. 45, p. 3.   The Court has reviewed Plaintiff's Interrogatories to Defendant (attached to a pending motion to compel) and it is apparent that Plaintiff understands how to adequately utilize the discovery process to prepare for dispositive motions and/or trial.   Doc. 49, pp. 4-12.   Consequently, Plaintiff's Motion for Recruitment of Counsel is DENIED.

Also pending is Plaintiff's Motion to Compel (Doc. 49).   Plaintiff sent Defendant Interrogatories, and Defendant answered most of the Interrogatories subject to objections.   For example, in Interrogatory #5, Plaintiff asked Defendant to explain how the IDOC determines whether a shower is ADA accessible.   Defendant answered that he does not "currently recall the

specific criteria" but "knows that accommodations are made on a case-by-case basis and in accordance with the Americans with Disabilities Act." This answer was provided subject to the objections that it was "overbroad in time and scope, unduly burdensome, and not proportional to the needs of the case." In his Response to the Motion to Compel (Doc. 50), Defendant McCarthy makes little effort to explain the propriety of his objections; he argues that Plaintiff failed to certify that he met and conferred with defense counsel regarding the objections prior to filing the Motion, in accordance with Local Rule 26.1(c)(3). However, Local Rule 26.1(c)(3) states that it "does not apply to pro se prisoner cases."

In response to Defendant's argument that he failed to certify that he conferred with defense counsel, Plaintiff filed a "Motion to Set up Video or Telephone Conference" (Doc. 51) with defense counsel so that they can discuss Defendant's objections to the Interrogatories. Plaintiff explains that it would be very difficult for him to arrange for the conference because he is incarcerated at a mental health treatment center. The Court presumes that defense counsel can arrange for a conference with Plaintiff at his current IDOC facility. Accordingly, Plaintiff's Motion is GRANTED to the extent that defense counsel shall arrange for and have a conference with Plaintiff regarding Defendant's objections to Plaintiff's Interrogatories. The conference shall take place on or before June 24, 2026. By July 10, 2026, Plaintiff and defense counsel shall file-either jointly or individually-a status report regarding whether they have resolved their discovery disputes. If they have not, the status report(s) shall indicate which of Defendant's objections to Plaintiff's Interrogatories are unresolved.

Within his Motion to Compel, Plaintiff seeks leave to serve additional Interrogatories to Defendant, as the Scheduling Order limits Plaintiff to 15 Interrogatories. On or before July 10, 2026, Plaintiff shall supplement his Motion to Compel with the additional Interrogatories he wants

to serve upon Defendant, along with an explanation as to why those Interrogatories are necessary.

**IT IS SO ORDERED.**

**DATED: June 3, 2026**

_____

**Hon. Reona J. Daly**
**United States Magistrate Judge**